Ryan L. Wright
The Wright Law Firm
519 East 18th Street
Cheyenne, WY 82001
Telephone: (307) 634-6111
E-Mail: ryan@wrightslawfirm.com
Wyoming Bar No.: 7-4638

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-PO-00511-MLC-1 |
| MADELINE S. CASEY, | ) |
| Defendant. | ) |

### MOTION TO CORRECT SENTENCE AND VACATE JAIL SENTENCE

**COMES NOW**, Defendant, Madeline S. Casey, by and through her attorney, Ryan L. Wright of The Wright Law Firm, and files her Motion to Correct Sentence and Vacate Jail Sentence, and in support thereof states as follows:

### ISSUE

1. Ms. Casey's Constitutional Sixth Amendment Right to Counsel was violated when she was required to waive her right to counsel, either retained or appointed, in order for her to appear for Court telephonically or via video on this matter. Moreover, upon informing the Court that she could not afford an attorney and that the government was seeking imposed jail time, Ms. Casey was not afforded Court appointed counsel nor even offered an application for appointed counsel. Thus, Ms. Casey's jail sentence must be vacated.

## LAW

2. "In all criminal prosecutions, the accused shall enjoy the right to … have the assistance of counsel for his defense." U.S. Const. Amend. VI.

3. The Right to Appointed Counsel under F.R.Cr.P. Rule 44(a) states that "[a] defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right." *Id.*

4. Pursuant to 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, … or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.*

5. Correcting a clear error under F.R.Cr.P. Rule 35(a) states "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." *Id.*

## FACTS

6. On July 22, 2021, Ms. Casey was issued citations for Violation of Closure Order and Disorderly Conduct.

7. On July 29, 2021, the government amended Ms. Casey's violation of 36 CFR 1.5(f) – Violation of Closure Order to 36 CFR 7.13(j) – Off Trail in a Thermal Area, which the Court granted on August 2, 2021.

8. On July 29, 2019, Ms. Casey emailed the prosecutor, Ms. Hambrick the following:

> Good morning Ms. Hambrick, My name is Madeline S Casey. I am contacting you after receiving a violation for off trail travel in a thermal area on 7/22/2021. My court date is set for 8/3/2021. I am hoping to appear by phone as I live in Connecticut. You can reach me anytime at [Redacted]. I look forward to speaking with you. Have a wonderful day!
> ~Madeline

9. It appears that Ms. Hambrick forwarded Ms. Casey's email to the Court since the Court replied the following day on July 30, 2021, as follows:

> Good Morning,
>
> Please read this email in its entirety to learn how to submit required documents to the Court as well as how to request to appear by phone/video. For your convenience, I have attached the referenced documents to this email. **Please sign in all places that require a signature, save to pdf, and submit.**
>
> The documents required for Court can be found on the U.S. District Court of Wyoming's website (https://www.wyd.uscourts.gov/content/magistrate-judge-mark-l-carman ). Please follow the directions on their page regarding the submission of documents. Do not worry about the blank case number on any of the forms.
>
> Included in the Court documents (link above) is a field where you can request to appear by phone. If the Judge approves a phone hearing, be sure to include a phone number and email in order to provide you with the call-in instructions.
>
> If the submit by email link function does not work, then email the forms to the Court's email address YNP_DC@wyd.uscourts.gov. If you would prefer to fax the documents, you may fax them to the Court's fax machine at 307-344-2195.
>
> If you have any questions, please feel free to email or call me.
> (Emphasis added).

10. Included in the documents was a one-page request for Ms. Casey to

appear via telephonically or teleconference. This should have been all that was required for Ms. Casey to sign, but the Court also included a two-page Statement of Rights for Proceedings Before a United States Magistrate Judge and a one-page Waiver of Defendant's Rights to be Represented by Counsel Either Retained or Appointed.

11. Ms. Casey requested that she appear telephonically because she lives in Connecticut and did not have the means to get back to Wyoming in four (4) days, by August 3, 2021.

12. Ms. Casey was instructed to "**sign in all places**" in order for her to appear telephonically or by video for her Court date. In signing documents to appear telephonically, Ms. Casey was required to waive her right to counsel, either appointed or retained, before she ever appeared in Court.

13. Furthermore, Ms. Casey was required to sign a waiver of counsel that included that she had been fully informed of: (1) the charges set forth against her; (2) the range of penalties, including the maximum sentence of confinement and fine, that may be imposed up conviction; (3) her right to be represented by counsel and if she was financially unable to employ counsel that she may request the Court to appoint counsel to represent her; and (4) that the Court will not appoint counsel if a sentence of confinement will not be imposed.

14. On July 30, 2021, as required for appearing remotely, Ms. Casey signed her waiver of her right to counsel and sent it to the Court. Moreover, Ms. Casey was required to "specifically waive the right to be represented by counsel in this case, either retained or appointed."

15. Being required to sign such documents before appearing in Court, in order to appear remotely, violated Ms. Casey's Sixth Amendment rights under the United States Constitution and was not a knowing and intelligent waiver of rights.

16. On August 3, 2021, Ms. Casey appeared in Court requesting an attorney. Undersigned counsel attempted to obtain the Court's audio recording of the hearing and was informed that a malfunction occurred, and no recording exists. The Court record indicated that "Defendant plans to hire an attorney."

17. On August 18, 2021, Ms. Casey appeared in Court again where she informed the Magistrate Judge that she could not afford an attorney. The Magistrate Judge acknowledged how outrageously expensive attorneys can be. Then the government informed the Court that if Ms. Casey pled guilty they would request a $1,000 fine, a $1,000 community service payment, a 7-day jail sentence, and a two-year ban from Yellowstone National Park. The Magistrate Judge stated he did not remember this case, but did not appoint Ms. Casey counsel, even though the government was requesting a jail sentence, and did not even offer Ms. Casey an application for Court appointed counsel. This was likely due to previously requiring Ms. Casey to waive her rights to counsel to appear remotely.

18. Without counsel, Ms. Casey hesitantly said she would plead guilty to the Off Trail Travel and was about to plead not guilty to the Disorderly Conduct, when the government interrupted her and agreed to dismiss it, if she would plead guilty to the Off Trail Travel. The government formed a plea

agreement with Ms. Casey, without the benefit of counsel, before the Magistrate Judge in open Court which included a jail sentence.

19. There is no record of the Court reading to Ms. Casey her advisements of rights, including her right to counsel, either appointed or retained, or the maximum sentence her charges could incur. The only rights Ms. Casey was advised was another document entitled Statement of Right for Proceeding Before a United States Magistrate Judge which she was instructed to sign if she wanted to appear via telephone or teleconference and did not include any advised of her potential maximum sentence and fines.

20. The Court sentenced Ms. Casey to a $1,000 fine, a $1,000 community service payment, $30 processing fee, $10 assessment, 7 days in jail, and a two-year ban from the park.

21. One of Ms. Casey's co-defendants received a citation for an Open Container and was fined $120.00 because she did not leave the boardwalk. At Ms. Casey's last Court hearing, the government informed the Court that Ms. Casey's other co-defendant had a warrant out for his arrest for similar charges.

## APPLICATION

22. Here, Ms. Casey requested to appear for Court via telephone or teleconference and was informed that she had to sign all the documents that were sent to her which included a waiver of her right to counsel. Such a requirement for a defendant in a federal criminal matter is not a knowing and intelligent waiver since a defendant must choose between waiving their right to counsel or failing to appear in Court which likely will result in a warrant for their

arrest.

23. The Supreme Court has held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin,* 8212 5015, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1971) (citing *Stevenson v. Holzman,* 254 Or. 94, 102, 458 P.2d 414, 418 (OR 1969) which held "that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence.").

24. Even where a suspended sentence is imposed, a Defendant has a Constitutional right to counsel.

25. In *U.S. v. Reilley,* 948 F.2d 648 (10th Cir. 1991), the 10th Circuit faced a similar situation where the defendant was charged with a federal misdemeanor in a national park which was punishable by imprisonment not exceeding six months, a fine not exceeding $500, or both. The district court denied the defendant's request for appointed counsel, despite his offer of proof regarding his indigence and proceeded to find him guilty and sentenced him to thirty days imprisonment which was suspended and a $500 fine which he was required to only pay $100.

26. Even with a suspended sentence, the Court held that "that a conditionally suspended sentence of imprisonment cannot be imposed on a

defendant who has been denied counsel. Although we strike down that portion of the sentence here, we affirm the remainder of the sentence, which was a $500 fine suspended on the condition that Reilley pay $100." *U.S. v. Reilley*, 948 F.2d 648, 655 (10th Cir. 1991).

27. Here, Ms. Casey did not knowingly and intelligently sign a waiver of her right to counsel given that she could either waive her right to appear remotely in Court or fail to appear which would likely result in a warrant issued for her arrest. Furthermore, without a valid waiver, Ms. Casey's Sixth Amendment right to counsel was violated when the Court did not appoint her an attorney after she informed the Court she could not afford counsel, even though she was facing the possibility of a jail sentence and was indeed sentenced to jail.

28. Pursuant to *U.S. v. Reilley*, 948 F.2d 648, 655 (10th Cir. 1991), Ms. Casey's jail sentence should be corrected based on the violation of her Sixth Amendment right to counsel.

**WHEREFORE**, Defendant respectfully requests that the sentence entered on August 18, 2021, be corrected due to the violation of Ms. Casey's Sixth Amendment rights under the United States Constitution.

**DATED**:  September 1, 2021.

>  */s/ Ryan L. Wright*
>  Ryan L. Wright, WSB #7-4638
>  The Wright Law Firm
>  519 East 18th Street
>  Cheyenne, WY 82001
>  307-634-6111
>  E-mail: ryan@wrightslawfirm.com
>  *Attorney for the Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2021, I electronically field the foregoing ***Motion to Correct Sentence and Vacate Jail Sentence*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Stephanie Hambrick
Assistant United States Attorney
United States Attorney's Office
E-mail:   stephanie.hambrick@usdoj.gov

                                             */s/ Ryan L. Wright*
                                             Ryan L. Wright

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-PO-00511-MLC-1 |
| | ) |
| MADELINE S. CASEY | ) |
| | ) |
|     Defendant. | ) |

## ORDER GRANTING MOTION TO CORRECT SENTENCE AND VACATE JAIL SENTENCE

**THIS MATTER** having come before the Court upon the Defendant's *Motion to Correct Sentence and Vacate Jail Sentence* and the Court being fully advised in the premises;

**THE COURT FINDS** that the Defendant's Sixth Amendment rights were violated when she was required to waive her right to counsel in order to appear for Court remotely, such waiver was not knowingly and intelligently entered, and the Defendant should have been appointed counsel in her matter when she faced a jail sentence and was subsequently sentence to 7 days in jail.

**THE COURT HEREBY ORDERS** that the Defendant's sentence is corrected and her 7 days of imposed jail sentence is reversed and vacated.

**DATED** this _____ day of _____, 2021.

                                                                             United States District Judge

Copies to:
Stephanie Hambrick, *Counsel for Plaintiff*
Ryan L. Wright, *Counsel for Defendant*