Stephanie A. Hambrick WSB #6-2785
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY  82602-5010
307-344-2770 (phone)
stephanie.hambrick@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MADELINE S. CASEY,<br><br>Defendant. | Criminal No. 5:21-PO-00511-NDF |

**UNITED STATES RESPONSE TO MOTION TO CORRECT
SENTENCE AND VACATE JAIL SENTENCE, RESPONSE TO NOTICE
OF APPEAL AND REQUEST FOR REMAND**

The United States of America, by and through Stephanie A. Hambrick, Assistant United States Attorney, hereby responds to the Defendant's Motion to Correct and Vacate Jail Sentence and Defendant's Notice of Appeal and requests this Court to remand this case to the magistrate court and order that the Defendant's conviction be vacated, that her guilty plea be set aside, and for further proceedings to be completed on the record.

**PROCEDURAL BACKGROUND**

This case began on July 22, 2021, when the Defendant was issued two citations in Yellowstone National Park in the District of Wyoming.  The first citation was for off trail travel in a thermal area, in violation of 36 C.F.R. § 1.5(j)(j), later amended to 36 C.F.R. 7.13(j) (Docs 1 & 8).  The second notice was for disorderly conduct in violation of 36 C.F.R. § 2.34(a)(4) (Doc. 7).  The citations provided a court date of August 3, 2021.  Prior to that court date, the Defendant

requested that she be allowed to appear via video conference. This is often done in magistrate court in Yellowstone National Park for the convenience of the many defendants who receive citations while visiting the park, but who live far from the court. On July 30, 2021, and prior to her court date, the Defendant filled out and signed a Statement of Rights for Proceedings Before a United States Magistrate Judge (Doc. 5), and a Waiver of Defendant's Rights to be Represented by Counsel Either Retained or Appointed (Doc. 6). Both documents were provided by the court. The Statement of Rights form states:

### **RIGHT TO ATTORNEY**

> You have the right to be represented by an attorney throughout all proceedings to be held in this matter. You may retain counsel at your own expense or, at the expense of the United States, a court appointed attorney may represent you if you qualify as an indigent and may be sentenced to a term of imprisonment. U.S. CONST. amends. VI, XIV; Scott v. Illinois, 440 U.S. 367 (1979). ***If you fully understand you have the right to an attorney, but do not want an attorney's services, you must sign the Waiver of Rights to Attorney form.***

(Doc. 5, emphasis added).

The Defendant appeared by telephone at her Initial Appearance on August 3, 2021 (Doc. 10). She was informed of her rights and of the charges against her. The government informed the court of its intention to seek a jail sentence in this matter. The Defendant entered pleas of Not Guilty to both counts. Defendant indicated she understood her right to counsel, and she informed the court she intended to hire an attorney. *Id.* Since she advised the court she intended to hire an attorney, the court set the case for a status conference on August 18, 2021. But due to some ongoing technology issues in the courtroom in Yellowstone, this hearing was not recorded.

Prior to the August 18, 2021, status conference, the Defendant initiated contact with the court and asked that her status conference be changed to a Change of Plea hearing (Doc. 13). The government had had no contact with the Defendant in the meantime. The Change of Plea hearing

took place on August 18, 2021 and was audio recorded. At that hearing, the Defendant entered a guilty plea to the thermal trespass charge, the disorderly conduct charge was dismissed, and the court proceeded to sentencing (Docs. 14 & 17). She was sentenced to seven (7) days incarceration, a $1,000 fine, plus a $1,000 community service payment, a $10 special assessment, a $30 processing fee, and 2 years of unsupervised probation.

On August 31, 2021, the Defendant filed an appeal of the magistrate's sentence (Doc. 19) and on September 1, 2021 filed a Motion to Correct Sentence and Vacate Jail Sentence (Doc. 21). The Motion is based upon her claim that her constitutional right to counsel had been violated.

## ANALYSIS

Notwithstanding the confusion created by the Defendant's filing of an appeal and a motion to correct sentence almost simultaneously, the government believes the most appropriate action for this court is to vacate the Defendant's conviction and guilty plea and remand to the magistrate court for new proceedings.

One of the fundamental elements of due process is providing a record on appeal that is sufficient for an appellate court to conduct a meaningful review – "a record of sufficient completeness." *Mayer v. City of Chicago*, 404 U.S. 410, 414-415 (1971). That does not always necessarily equate to a verbatim transcript of a hearing. *Id.* Congress enacted the Court Reporters Act which requires that all proceedings in criminal cases be held in open court and be recorded verbatim. 28 U.S.C. § 753(b). If a proceeding is not recorded, reversible error occurs if "the unavailability of a transcript makes it impossible for the appellate court to determine whether or not prejudicial error was committed." *United States v. Haber*, 251 F.3d 881, 889 (10th Cir. 2001); *Edwards v. United States*, 374 F.2d 24, 26 (10th Cir. 1966). The proper remedy for the lack of a crucial part of the record is reversal and a new trial. *Parrott v. United States,* 314 F.2d 46, (10th

Cir. 1963); See also, *Haber*, 251 F.3d at 890; *United States v. Selva*, 559 F.2d 1303, 1304 (5th Cir. 1977).

Here, Defendant claims her Sixth Amendment right to counsel was violated by the court's procedures in this case, and she asks that her jail sentence be vacated. Without the transcript available of the Defendant's initial appearance and arraignment, when the court advised her of her rights and the charges against her, this court is stripped of its ability to meaningfully review the Defendant's claims. The solution is not to strike the jail sentence as requested by Defendant, but to reverse the conviction and to remand to the lower court for new proceedings. The government agrees that the Defendant's rights should be upheld clearly in the record. While the government believes the Defendant's rights were adequately protected in these proceedings, the current record before this court does not provide enough information for the district court to make an adequate analysis.

Therefore, the government requests this court to reverse the Defendant's conviction and guilty plea and to remand to the magistrate court for new, adequately recorded and reported proceedings. The government has been advised by Defendant's counsel that she opposes the government's request for remand.

**DATED** this 8th day of September 2021.

                                        Respectfully submitted,

                                        L. ROBERT MURRAY
                                        Acting United States Attorney

                    By:    */s/ Stephanie A. Hambrick*
                          STEPHANIE A. HAMBRICK
                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2021, the foregoing Response was electronically filed and consequently served on defense counsel.

*/s/ Amanda R. Hudson*
UNITED STATES ATTORNEY'S OFFICE