Ryan L. Wright
The Wright Law Firm
519 East 18th Street
Cheyenne, WY 82001
Telephone: (307) 634-6111
E-Mail: ryan@wrightslawfirm.com
Wyoming Bar No.: 7-4638

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-PO-00511-MLC-1 |
| | ) |
| MADELINE S. CASEY | ) |
| | ) |
| Defendant. | ) |

**REPLY TO UNITED STATES' RESPONSE TO MOTION
TO CORRECT SENTENCE AND VACATE JAIL SENTENCE,
REPLY TO RESPONSE TO NOTICE OF APPEAL, AND
RESPONSE TO REQUEST FOR REMAND**

**COMES NOW**, Defendant, Madeline S. Casey, by and through her attorney, Ryan L. Wright of The Wright Law Firm, and files her Reply to United States' Response to Motion to Correct Sentence and Vacate Jail Sentence, Reply to Response to Notice of Appeal and Response to Request for Remand, and in support thereof states as follows:

**REPLY TO UNITED STATES' RESPONSE TO MOTION
TO CORRECT SENTENCE AND VACATE JAIL SENTENCE,
REPLY TO RESPONSE TO NOTICE OF APPEAL**

1. In the responses to Ms. Casey's *Motion to Correct Sentence and Vacate Jail Sentence*, the Government fails to directly address the factual contentions and instead argues the record is incomplete, because of a failure of

audio recording equipment on August 3, 2021, that the Trial Court should reverse itself, vacate the sentence, vacate the guilty plea and set this matter for a new trial.

2. Most telling, the Government does not refute any facts and appears to concede them by not addressing most of the factual assertions.

3. Specifically, the Government fails to directly address that Ms. Casey's Constitutional Sixth Amendment violation occurred prior to the very first hearing when the Court required her to waive her right to counsel on July 30, 2021, in order for Ms. Casey to appear remotely for her Court hearing on August 3, 2021.

4. This requirement placed upon Ms. Casey was in writing, was before any hearings on this case and the record regarding this Constitutional violation is complete.

5. Furthermore, there is a Court record from August 3, 2021, that the "Defendant plans to hire an attorney." Also, there is a full recording of the August 18, 2021, change of plea and sentencing in this matter.

6. There is more than an adequate record in this matter for the Court to find the Sixth Amendment Constitutional violation and vacate the jail sentence which is the remedy in this situation. *See U.S. v. Reilley*, 948 F.2d 648 (10th Cir. 1991).

7. Instead of seeking a judicially economic remedy, the Government requests the most costly, lengthy, untimely, burdensome and prejudicial

approach, for the Court to reverse itself, vacate the sentence, vacate the change of plea and set this matter for trial.

## RESPONSE TO REQUEST FOR REMAND

8. The Government fails to cite rule or authority for them to move the Court to reverse itself, vacate the sentence, vacate the change of plea and set this matter for trial, when a far more simple and cost-effective solution exists.

9. The Government's request for remand is untimely. The Government appears to be requesting a remand under "clear error" pursuant to F.R.Cr.P. Rule 35(a), but such a motion must be made within 14 days after sentencing which was no later than September 1, 2021.

10. Here, the Government made its request on September 8, 2021, which is untimely, and the Court lacks the authority to grant the request.

11. Even if the Government's request was timely, it failed to meet its burden and attempts to stand in the shoes of Ms. Casey by citing case law where the Defendant requested an appellate court to reverse, remand and order a new trial.

12. The Government cites *Mayer v. City of Chicago*, 404 U.S. 189 (1971) for the proposition the claim that "[o]ne of the fundamental elements of due process is providing a record on appeal that is sufficient for an appellate court to conduct a meaningful review – 'a record of sufficient completeness.'" *United States Response to Motion to Correct Sentence and Vacate Jail Sentence, Response to Notice of Appeal and Request for Remand, P. 3.*

13. The *Mayer* Court also stated that "[a] 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript. We said in *Griffin* that a State 'may find other means (than providing stenographic transcripts for) affording adequate and effective appellate review to indigent defendants.'" *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971) (*citing Griffin et al. v. Illinois*, 351 U.S. 12 (1956).

14. Moreover, the Government fails to meet its burden and will likely not be able to since Ms. Casey has not raised the issue. As the *Mayer* Court held "[w]hen the defendant's grounds for appeal, as here, make out a colorable need for a complete transcript, the State has the burden of showing that only a portion thereof or an 'alternative' will suffice for an effective appeal on those grounds." *Mayer v. City of Chicago*, 404 U.S. 189, 195 (1971).

15. Ms. Casey has not raised the claim that an incomplete transcript requires a new trial, which is a prerequisite for the Government holding their burden of showing that only a portion thereof or alternative will suffice.

16. Here, the Government attempts to take the place of Ms. Casey, argue her case for her and shift the burden to her to argue the Government's position which is unacceptable.

17. In most of the case law cited by the Government in its request for remand, often courts do not find that the moving party meets their burden.

18. In *US v. Haber*, 251 F.3d 881 (10th Cir. 2001), the Court held that "the facts of this case fail even to meet *Selva's* test. Courts following the *Selva* standard reverse 'only upon a showing that there is a substantial and significant

omission in the transcript.'" *US v. Haber*, 251 F.3d 881, 890 (10th Cir. 2001) (*citing United States v. Colmenares-Hernandez*, 659 F.2d 39, 43 (5th Cir. 1981); and *States v. Selva*, 559 F.2d 1303 (5th Cir. 1977).

19. "Nevertheless, the burden is upon Mr. Haber to demonstrate prejudice stemming from the failure to adhere to the requirements of section 753(b), and he has not done so." *US v. Haber*, 251 F.3d 881, 890 (10th Cir. 2001).

20. Here, the Government fails to meet its burden of prejudice and likely cannot meet this burden since it would shift the burden to Ms. Casey to show there was no prejudice in the failure to record one hearing.

21. Based on the lack of rule authority, lack of case law authority for a remand request, lack of authority to reverse, vacate and set a new trial, Ms. Casey requests this Court deny the Government's request for a second bite at the apple.

**WHEREFORE**, Ms. Casey respectfully requests that this Court deny the Government's untimely request for a new trial and grant Ms. Casey's Motion to Correct her Sentence and vacate her jail time.

DATED: September 15, 2021

By:   */s/ Ryan L. Wright*
Ryan L. Wright, #7-4638
The Wright Law Firm
519 East 18th Street
Cheyenne, Wyoming 82001
307-634-6111
E-mail: ryan@wrightslawfirm.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2021, I electronically filed the foregoing ***Reply to United States' Response to Motion to Correct Sentence and Vacate Jail Sentence, Reply to Response to Notice of Appeal and Response to Request for Remand*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

    Stephanie Hambrick
    Assistant United States Attorney
    United States Attorney's Office
    E-mail:  stephanie.hambrick@usdoj.gov

                                        */s/ Ryan L. Wright*
                                        Ryan L. Wright