

**FILED**

3:12 pm, 11/2/21
**U.S. Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

United States,

vs.                                                           Case No. 5:21-po-00511

Madeline Casey.

**ORDER VACATING JAIL SENTENCE**

THIS MATTER comes before the Court *upon Defendant's Motion to Amend/Correct the Disposition/Judgment*. Following an appeal on the original sentencing, the Honorable Judge Freudenthal ordered that the motion be decided by the Honorable Magistrate Judge Carman. This Court held a hearing on the motion on October 25, 2021. Having now reviewed all filings and being fully apprised of the facts and circumstances of such, the Court finds the following:

Ms. Casey was fully informed of her rights before the Court, in writing before the proceedings, and in court before the Judge on August 3, 2021. The minute entry indicates that Ms. Casey was informed of her charges and her rights. Minute Entry of Plea/Sentencing (Aug. 18, 2021). Ms. Casey confirmed this during her Change of Plea Proceeding on August 18, 2021. Transcript of Recorded Change of Plea Proceedings at 3. Therefore, the Court finds that Ms.

Casey was properly advised of her rights, and there were no constitutional violations against her. It is unfortunate that the detailed advisement is unavailable for review, but this Court is fully aware of that advisement. Ms. Casey fully understood her right to representation, including her right to court appointed representation if she was indigent.

Ms. Casey alleged that she was required to waive her right to counsel in order to appear before the Court via Zoom. Ms. Casey's allegation pertaining to these forms is incorrect. Before initial appearances, several forms are emailed to all defendants. One of these forms is a waiver of counsel, and one of these forms is a request to appear remotely. There is no requirement to sign the waiver of counsel to appear remotely before this Court. Having reviewed these forms, the Court finds that they are clear and, further, had Ms. Casey been confused about the forms and sought additional information on the issue, it would have been clarified in the hearing. There is no correlation between the waiver of counsel form and the request to appear remotely in this Court.

At her initial appearance on August 3, 2021, Ms. Casey informed the Court that she would be hiring her own attorney. She did so without hesitation or doubt. A status conference was set to allow her attorney to advise the Court as to requested future settings. Prior to the date of the conference, Ms. Casey contacted the Court and informed the clerk that she had decided to plead guilty and requested a change of plea hearing. She did not indicate any desire to request counsel. At her Change of Plea Proceeding on August 18, 2021, Ms. Casey stated that she had not been previously unaware of how much an attorney costs and that it was "outside of [her]

wheelhouse." Transcript of Recorded Change of Plea Proceedings at 3. The Court acknowledged the expense and proceeded with the pleading.

The Court met the mandated constitutional inquiry with pro se defendants as laid down in *Iowa v. Tovar*: the defendant was informed of the charges against her, her right to counsel, and her potential punishments. *Iowa v. Tovar*, 541 U.S. 77, 78 (2004). In that Ms. Casey had advised the Court that she wanted to change her plea, the Court proceeded on the premise that Ms. Casey had decided to proceed without counsel.

However, in reviewing the transcript of the proceedings the Court feels the better course of action would have been to inquire further regarding Ms. Casey's ambiguous statement regarding the cost of representation. While this Court does not find any violations of Ms. Casey's rights, in an abundance of fairness, this Court will vacate the jail sentence imposed. All other aspects of this judgement will remain the same.

The seven-day jail sentence is hereby vacated.

Dated this _2nd_ day of November, 2021.

Mark L. Carman
United States Magistrate Judge